CASE NO. 3:22-cv-02051-B

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

HIGHLAND CAPITAL MANAGEMENT LP

(Debtor)

CLO HOLDCO LTD

(Appellant)

v.

MARC KIRSCHNER
*the Litigation Trustee for the Highland Litigation SubTrust*

(Appellee)

On appeal from the United States Bankruptcy Court for the Northern District of
Texas, Dallas Division

**REPLY BRIEF
FILED ON BEHALF OF CLO HOLDCO LTD**

Filed by **KELLY HART PITRE**
Louis M. Phillips (#10505)
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
Facsimile: (225) 336-9763
Email: louis.phillips@kellyhart.com
Amelia L. Hurt (LA #36817, TX #24092553)
400 Poydras Street, Suite 1812
New Orleans, LA 70130

Telephone: (504) 522-1812
Facsimile: (504) 522-1813
Email: amelia.hurt@kellyhart.com

**KELLY HART & HALLMAN**
Hugh G. Connor II
State Bar No. 00787272
hugh.connor@kellyhart.com
Michael D. Anderson
State Bar No. 24031699
michael.anderson@kellyhart.com
Katherine T. Hopkins
Texas Bar No. 24070737
katherine.hopkins@kellyhart.com
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Telecopier: (817) 878-9280

# I. Table of Contents

I. TABLE OF CONTENTS ................................................................................... I

II. TABLE OF AUTHORITIES ........................................................................... II

III. REPLY IN SUPPORT ..................................................................................... 1

   A. *Kolstad* is not limited to its facts and applies post-confirmation. .......... 2

   B. The first prong of the *Kolstad* test is whether the amended claim states a new claim, not whether there were too many prior amendments. .............. 7

   C. The sole incidence of prejudice identified by the Bankruptcy Court is that the Second Amended Proof of Claim set forth a frivolous claim. .............. 9

      (a) A cancellation is a disposition. ......................................................... 10

      (b) The offset Highland received from the disposition of the Highland Crusader Interests is a proceed of a disposition. ........................................... 11

      (c) There is no prejudice of amendment. ..................................................... 13

IV. CONCLUSION ............................................................................................. 14

V. CERTIFICATE OF COMPLIANCE ........................................................... 14

## II. Table of Authorities

Page(s)

**Cases**

*Matter of Alliance Operating Corp.*,
  60 F.3d 1174 (5th Cir. 1995) ...................................................................................8

*In re Ben Franklin Hotel Associates*,
  186 F.3d 301 (3d Cir.1999) ..................................................................................3, 5

*Christopher v. SmithKline Beecham Corp.*,
  567 U.S. 142, 132 S. Ct. 2156, 183 L. Ed. 2d 153 (2012) ..................................10

*In re Coastal Plains*,
  179 F.3d 197 (5th Cir.1999) ..................................................................................14

*In re Dortch*,
  No. 07-45041-DML-13, 2009 WL 6764538 (Bankr. N.D. Tex.
  Dec. 1, 2009).........................................................................................................2, 3

*In re Entergy New Orleans, Inc.*,
  No. 05-17697, 2008 WL 2789313 (Bankr. E.D. La. July 17, 2008)................2, 9

*Garner v. Knoll, Inc. (In re Tusa-Expo Holdings, Inc.)*,
  811 F.3d 786 (5th Cir. 2016) ................................................................................12

*Graham v. Huntington Nat'l Bank (In re Medcorp. Inc.)*,
  472 B.R. 444 (Bankr. N.D. Ohio 2012)..............................................................12

*In re Heritage Org., L.L.C.*,
  No. 04-35574-BJH-11, 2006 WL 6508477 (Bankr. N.D. Tex. Jan.
  27, 2006), *aff'd sub nom. Wilferth v. Faulkner*, No. 3:06 CV 510 .......................8

*Holstein v. Brill*,
  987 F.2d 1268 (7th Cir. 1993) ................................................................................4

*In re Koldstad*,
  928 F.2d 171(5th Cir. 1991) ................................................................1, 4, 6, 14

*Midland Cogeneration Venture L.P. v. Enron Corp. (In re Enron Corp.)*,
   419 F.3d 115 (2d Cir.2005) ..............................................................................6

*In re Sanchez Energy Corp.*,
   No. 19-34508, 2022 WL 2912076 (Bankr. S.D. Tex. July 22, 2022) ..........11, 12

*Stripling v. Jordan Prod. Co., LLC*,
   234 F.3d 863 (5th Cir. 2000) ..............................................................................9

*Matter of Waindel*,
   65 F.3d 1307 (5th Cir. 1995) ..............................................................................7

*In re Walker*,
   526 B.R. 187 (E.D. La. 2015)..............................................................................2

*In re Waterscape Resort, LLC*,
   520 B.R. 424 (Bankr. S.D.N.Y. 2014)............................................................5, 6

*In re Winn-Dixie Stores, Inc.*,
   639 F.3d 1053 (11th Cir. 2011) ..................................................................3, 4, 5

*In re Wright*,
   545 B.R. 541 (Bankr. S.D. Tex. 2016) ............................................................12

**Statutes**

Uniform Commercial Code, § 9.609(b)...................................................................12

**Other Authorities**

FED. R. CIV. P. 12(6) ................................................................................................9

### III.     Reply in Support

The Trustee attempts to shoehorn the Bankruptcy Court's analysis into the dual considerations of *Kolstad* merely because the Bankruptcy Court **mentioned** *Kolstad*.[1]  The Trustee argues that "the Bankruptcy Court expressly considered *Kolstad*, finding it to be 'indeed of relevance,' ROA 002669, and recogniz[ed] that Kolstad mandates the application of "the Court's discretion," see, e.g., ROA 002664."[2]  But *Kolstad* does more than mandate a court's discretion when considering whether to permit a post-bar date amendment, it provides the dual considerations that must guide the court's discretion.  928 F.2d 171, 176 n. 7 (5th Cir. 1991) (explaining that the appropriate inquiry whether: (1) whether the claimant was attempting to assert a "new" claim that could not have been foreseen from the earlier claim; and (2) the amount of prejudice, if any, caused by the delay).

But rather than applying these mandated considerations, the Bankruptcy Court found that the fact pattern before it was a factually "different situation than the *Kolstad* opinion," and therefore, the Bankruptcy Court declined to properly apply either prong of *Kolstad*.  And while *Kolstad* indeed may be factually dissimilar to this case (although as discussed herein, not meaningfully so), the *Kolstad* test is the

---

[1]     *Original Brief of Appellee* [Dkt. No. 15] (the "Appellee Brief"), p. 18.

[2]     Appellee Brief, p. 18.

1

law of the circuit to be applied when considering whether to permit a post-bar date amendment to a proof of claim. *In re Entergy New Orleans, Inc.*, No. 05-17697, 2008 WL 2789313, at *3 (Bankr. E.D. La. July 17, 2008); *In re Walker*, 526 B.R. 187, 190 (E.D. La. 2015) ([*Kolstad*] "has not been overruled or otherwise modified by the U.S. Court of Appeals for the Fifth Circuit and this Court is bound to follow it.").

### A. *Kolstad* is not limited to its facts and applies post-confirmation.

The Trustee takes the position that the Bankruptcy Court's opinion "necessarily" satisfied *Kolstad*,[3] but simultaneously argues that the dual considerations of *Kolstad* are not mandated.[4] The Trustee then points to the facts that *(i)* the debtor filed the original claim in *Kolstad*; *(ii)* because the debtor listed the claim as disputed, creditors and the debtor could not have been surprised by the amendment; and *(iii)* the amendment occurred pre-confirmation[5] as being sufficient factual dissimilarities to rely upon *In re Dortch*, No. 07-45041-DML-13, 2009 WL

---

[3] Appellee Brief, p. 24 (the Bankruptcy Court's Reasoning Necessarily Satisfies the Two Questions Laid Out in *Kolstad*).

[4] Appellee Brief, p. 20.

[5] Appellee Brief, p. 20-21.

6764538, (Bankr. N.D. Tex. Dec. 1, 2009) and *In re Winn-Dixie Stores, Inc.*, 639 F.3d 1053 (11th Cir. 2011) instead of *Kolstad*.[6]

But neither *Dortch* nor *Winn-Dixie* involve debtors filing proofs of claim nor a finding as to whether creditors or the debtor felt surprised by an amendment. Instead, the only commonality between *Dortch*, *Winn-Dixie*, and the facts before the Bankruptcy Court is that the amendment to the proof of claim occurred post-confirmation. Based on this post-confirmation posture the *Dortch* and *Winn-Dixie* courts adopted a heightened standard for amendments post-confirmation that requires a creditor demonstrate "compelling circumstances." *Winn-Dixie.*, 639 F.3d at 1056; *Dortch*, 2009 WL 6764538 at *1.

As briefed in CLO Holdco's Appellant Brief,[7] this heightened standard for post-confirmation amendments to proofs of claims has never been adopted by the Fifth Circuit and has been expressly **rejected** by others. *In re Ben Franklin Hotel Associates*, 186 F.3d 301, 309 (3d Cir.1999) (affirming bankruptcy court's application of relation back test to post-confirmation amendment). And as further explained, there is no reason to displace the *Kolstad* analysis post-confirmation. This is because courts justify adopting a heightened standard post-confirmation

---

[6]     Appellee Brief, 22.

[7]     Capitalized terms not otherwise defined herein take their meaning from the Original Brief of Appellant [Dkt. No. 13] (the "Appellant Brief").

3

because of the prejudice which could result from allowing an amendment post-confirmation. *See, e.g.*, *Holstein v. Brill*, 987 F.2d 1268, 1270–71 (7th Cir. 1993) ("[P]ost-confirmation amendments . . . may throw monkey wrenches into the proceedings, making the plan infeasible or altering the distributions to remaining creditors"); *Winn-Dixie Stores*, 639 F.3d at 1056 ("[A]mendment of a creditor's claim after confirmation of a plan can render a plan infeasible or alter the distribution to other creditors"). But under the Fifth Circuit's *Kolstad* test, which requires courts to consider "**the degree and incidence of prejudice, if any, caused by [the creditor]'s delay**," that concern is already addressed. *Kolstad*, 928 F.2d at n.7) (emphasis added).

Remarkably, the Trustee interprets the fact that *Kolstad* already instructs courts to consider the prejudice of an amendment to support the adoption of a different for amendments standard post-confirmation.[8] But if the Fifth Circuit's current applicable law requires courts to consider the prejudice of amendments (regardless of confirmation), then it cannot be that the law must be **changed** to account for prejudice of amendments post-confirmation. *Kolstad*, already requires courts to consider prejudice; so there is simply no reason to displace this standard required by Fifth Circuit law to amendments post-confirmation.

---

8      Appellee Brief, p. 21.

In *In re Waterscape Resort, LLC*, the debtor raised a similar argument for a heightened standard for amending a proof of a claim post-confirmation. 520 B.R. 424, 428 (Bankr. S.D.N.Y. 2014). The debtor, citing to *Winn-Dixie*, argued that post-confirmation, the claimant was required to show a compelling reason for amendment. *Id*. at 432. The court noted the usual two-step inquiry when considering the allowance of post-bar date amendments, which in the Second Circuit is identical to that of *Kolstad*. *Id*. at 434 (citing *Midland Cogeneration Venture L.P. v. Enron Corp. (In re Enron Corp.)*, 419 F.3d 115, 133 (2d Cir.2005)). The court cited the split in circuit law between the Eleventh Circuit in *Winn-Dixie* and the Third Circuit in *Ben Franklin Hotel Associates*. *Id*. The Second Circuit, like the Fifth Circuit, had not yet weighed in on the split, and also just like the Fifth Circuit, already instructed courts to consider the prejudice of amendment, regardless of whether confirmation had occurred. So the *Waterscape* court ultimately concluded that:

> [T]he rationale for requiring [the creditor] to show "compelling circumstances" is missing. The Plan did not discharge [the] claims, and distribution on its allowed claim [was insufficient]. Nor will the amendment disrupt the claims resolution process; the only claim left to resolve in this Court is [the creditor's] claim. In short, the confirmation of the Plan lacked the finality that the "compelling circumstances" test is designed to foster.
>
> **Most important, [the debtor] has never contended that the assertion of the punitive damage claim will disrupt the Plan or threaten its ultimate consummation**. …
>
> Accordingly, [the creditor's] motion must be judged under the two-step analysis discussed in *Enron*…

5

*Id.* at 434–35.

The same is true here: the rationale for requiring "compelling circumstances" is missing. The confirmation of the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* (the "Plan") did not create the finality that would mandate a heighted standard. The universe of claims remains unknown. ROA.002390. To date, the assets with which is satisfy the claims is undetermined. *See generally* Kirschner Adversary Proceeding (the Litigation Trustee asserting hundreds of millions of dollars of claims). Significant payments on unsecured claims did not even commence until October 2022 (ten months after CLO Holdco filed the Second Amended Proof of Claim). *See* Bankruptcy Case, Dkt. No. 3582 (reflecting an October 2022 distribution to general unsecured claims of $248,999,332—accounting for 60% of the $397,485,568 in allowed general unsecured claims). A large portion of unsecured claims remain unpaid to date. *Id*. And most importantly to any discussion of prejudice, the Second Amended Proof of Claim represents **less than 2%** of unsecured claims on file. *Id*.

Therefore just like in *Waterscape*, there can be no allegation here (and the Trustee has made no such allegation), that the Second Amended Proof of Claim would disrupt the Plan or threaten its ultimate consummation. Accordingly, the Second Amended Proof of Claim must be judged under the two-step analysis of *Kolstad* (or *Enron*). *Waterscape*, 520 B.R. at 435. Not only has the Fifth Circuit

6

never limited *Kolstad* to a pre-confirmation posture, but as set forth herein and in the Appellant Brief, there is no sound reason to do so now, particularly under the facts before this Court.

> **B.    The first prong of the *Kolstad* test is whether the amended claim states a new claim, not whether there were too many prior amendments.**

The Bankruptcy Court found that CLO HoldCo was required to show compelling reasons for amending its proof of claim to $0 and then amending again to the Second Amended Proof of Claim. *See* ROA.00242, 65:1-4. Because the Bankruptcy Court found that CLO HoldCo did not do so, the Bankruptcy Court stated that the amendment "has the taint, a little bit, of gamesmanship." ROA.00243, 66:2-3. According to the Trustee, this analysis was necessarily the same as considering whether the Second Amended Proof of Claim set forth a new claim.[9]

But this is not so. In applying the first prong of the *Kolstad* test, the principal concern is that there not be a new claim filed. If the amended claim "sets forth new grounds of liability, or asserts a new claim, it is not a proper amendment and must instead be considered as a separately filed new claim." *See Matter of Waindel*, 65 F.3d 1307, 1311-12 (5th Cir. 1995) Conversely, amendments to proofs of claim are allowable, even after the expiration of the bar date, "to cure a defect in the claim as

---

[9]     Appellee Brief, p. 24.

7

originally filed, to describe the claim with greater particularity **or to plead a new theory of recovery on the facts set forth in the original claim.**" *Matter of Alliance Operating Corp.,* 60 F.3d 1174, 1175 (5th Cir. 1995) (emphasis added); *In re Heritage Org., L.L.C.*, No. 04-35574-BJH-11, 2006 WL 6508477, at *10 (Bankr. N.D. Tex. Jan. 27, 2006).  The analysis regarding this first prong of the *Kolstad* test is thus limited to the **substance** of the claim asserted and whether it is sufficiently related to the claim being amended.

There has never been, nor could there be, any dispute that Second Amended Proof of Claim pleads a new theory of recovery on the facts set forth in Original Proof of Claim and First Amended Proof of Claim.  The Original Proof of Claim asserts a general unsecured claim against the estate based upon the Participation and Tracking Interests, as did the First Amended Proof of Claim.  The Second Amended Proof of Claim likewise asserts a general unsecured claim based upon those same Participation and Tracking Interests and the same supporting documentation. The only change between the First Amended Proof of Claim and the Second Amended Proof of Claim is that the latter asserts a new theory of recovery based upon those very same facts.  Specifically, rather than asserting a claim for the net asset value of the Highland Crusaders Interests, CLO Holdco seeks to amend to assert a claim for the offset Highland received for the cancellation of the Highland Crusader Interests. This is a plainly permissible new theory of recovery.

Had the Bankruptcy Court actually considered the first prong of *Kolstad*, it would have reached the undisputed conclusion that the Second Amended Proof of Claim pleads a new theory of recovery on the same facts set forth in the First Amended Proof of Claim and Original Proof of Claim. Therefore, the first part of the inquiry is satisfied.

### C. The sole incidence of prejudice identified by the Bankruptcy Court is that the Second Amended Proof of Claim set forth a frivolous claim.

"If the court finds that the amendment is sufficiently related to the original claim, then [*Kolstad* instructs that courts] should next examine the degree and incidence of prejudice, if any caused by the amendment…" *Entergy New Orleans*, 2008 WL 2789313, at *2. But the **sole** incidence of prejudice identified by the Bankruptcy Court and the Trustee is that "the estate would be prejudiced if it had to litigate this what I consider a frivolous theory so late in the case." ROA 000077. This denial of amendment for futility is erroneous, and subject to de novo review because denial of amendment for futility is akin to granting relief under FED. R. CIV. P. 12(6). *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). (citing *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996) ("There is no practical difference, in terms of review, between a denial of a motion to amend based on futility and the grant of a motion to dismiss for failure to state a claim.")).

9

### (a) A cancellation is a disposition.

The Trustee's analysis of the Second Amended Proof of Claim assumes that a cancellation of the Participation and Tracking Interests is not an "other disposition of any interest with respect to or in the Highland Crusader Interests." ROA.002176-77. According to the Trustee, rather than triggering Highland's obligation to account for proceeds of any disposition, the cancellation of the Highland Crusader Interests excused it from any obligation under the Participation and Tracking Interests.[10] Of course lacking from the Trustee's argument is any authority for the idea that a cancellation, one involving a credit for the original purchase price of the interest made subject to the Participation and Tracking Interests, is not an "other disposition."

This is likely because the Supreme Court of the United States has instructed that where the phrase "other disposition" follows a specific list of transactions, it is to be interpreted **broadly**. *Christopher v. SmithKline Beecham Corp.,* 567 U.S. 142, 165, 132 S. Ct. 2156, 2172, 183 L. Ed. 2d 153 (2012). A cancellation is a disposition, and in agreeing to a cancellation of the Highland Crusader Interests for a credit against damages, Highland did not absolve itself of its obligation to CLO HoldCo under the Participation and Tracking Interests, but rather triggered it.

---

[10] Appellee Brief, p. 29.

10

> **(b) The offset Highland received from the disposition of the Highland Crusader Interests is a proceed of a disposition.**

Next, the Trustee argues that because Highland only received a credit against much larger damage award owed, it "did not receive a dime as a result of the Redeemer Settlement, and would not have received a dime for enforcement of the Arbitration Award."[11] Therefore, the offset or credit Highland received from the Redeemer Settlement for the purchase price of the Highland Crusader Interests were not proceeds.

The term "proceeds" is not defined in the Participation and Tracking Interest documents; however, the term is "well-worn term with well-known meaning." *In re Sanchez Energy Corp.*, No. 19-34508, 2022 WL 2912076, at *6–7 (Bankr. S.D. Tex. July 22, 2022). The Oxford English Dictionary defines "proceeds" as "that which proceeds, is derived, or results from something else; that which is obtained or gained by any transaction or process; an outcome; esp. the money obtained from an event, activity, or enterprise." *Id.* (citing OXFORD ENGLISH DICTIONARY (3d ed. 2007)). Similarly, Black's Law Dictionary defines "proceeds" "[s]omething received upon selling, exchanging, collecting, or otherwise disposing of collateral." *Id.* (citing Proceeds, BLACK'S LAW DICTIONARY (11th ed. 2019)). The UCC also defines

---

[11] Appellee Brief, p. 30.

11

"proceeds" broadly: "Proceeds," except as used in Section 9.609(b), means the following property:

>   (A) whatever is acquired upon the sale, lease, license, exchange, or other disposition of collateral;
>
>   (B) whatever is collected on, or distributed on account of, collateral;
>
>   (C) rights arising out of collateral;
>
>   (D) to the extent of the value of collateral, claims arising out of the loss, nonconformity, or interference with the use of, defects or infringement of rights in, or damage to the collateral; or
>
>   (E) to the extent of the value of collateral and to the extent payable to the debtor or the secured party, insurance payable by reason of the loss or nonconformity of, defects or infringement of rights in, or damage to the collateral.

*Id.* Court have also recognized this broad definition. *Sanchez Energy Corp.*, 2022 WL 2912076 at \*6-\*7; *Garner v. Knoll, Inc. (In re Tusa-Expo Holdings, Inc.)*, 811 F.3d 786, 799 (5th Cir. 2016); *In re Wright*, 545 B.R. 541, 555 (Bankr. S.D. Tex. 2016); *Graham v. Huntington Nat'l Bank (In re Medcorp. Inc.)*, 472 B.R. 444, 453 (Bankr. N.D. Ohio 2012) (defining proceeds as "whatever is received upon the sale, exchange, collection or other disposition of collateral or proceeds.").

Noticeably absent from any definition of proceeds is that whatever is received on account of the disposition of property be greater than costs associated therewith. Proceeds are merely whatever is received upon a "disposition." Here, Highland received a credit for the purchase price of the Highland Crusader Interests for the cancellation thereof. ROA.002492; ROA.00856-57. But the fact that this credit was

12

not larger than the damage award for Highland's misconduct in acquiring those interests does not transform a credit into something other than proceeds of the cancellation.

### (c)    There is no prejudice of amendment.

Thus, there is no basis set forth by Bankruptcy Court or the Trustee to support the contention that by agreeing to the cancellation of the Highland Crusader Interest and receiving a credit for the purchase price thereof in return, Highland not only excused itself from its obligations owed under the Participation and Tracking Interests, but it is **<u>frivolous</u>** to suggest otherwise.  The Second Amended Proof of Claim does set forth a frivolous claim and thus, the sole incidence of prejudice relied upon by the Bankruptcy Court and cited by the Trustee is without merit.

As set forth herein, there is no prejudice in permitting the Second Amended Proof of Claim to be filed.  The Plan is effectively a liquidating or wind-down plan, so there can only yet be the very roughest of possible parameters for the range of potential distributions.  *See* ROA.2851.  Unlike the cases where a debtor has paid all or most of his creditors and then years later a creditor wants more, at the time of the amendment requested here, the estate had made very few distributions to general unsecured claims (and to date has only made about 60% of allowable distributions) and the Second Amended Proof of Claim, at its highest estimated amount, amounts to less than two percent of total general unsecured claims.  Therefore, the Second

13

Amended Proof of Claim does not generate the type of prejudice warned of in *Kolstad*.

## IV. Conclusion

In *Kolstad*, the Fifth Circuit provided in the inquiry a court must undertake to decide, in its discretion, whether to permit an amendment to a proof of claim post-bar date. While the Trustee attempts to recast the Bankruptcy Court's analysis into one guided by *Kolstad*, the Bankruptcy Court expressly limited *Kolstad* to pre-confirmation and instead, followed cases requiring a heightened standard post-confirmation. Thus, the Bankruptcy Court ignored the first prong of *Kolstad* entirely and in just so happening to address prejudice, rested its finding of prejudice solely upon an erroneous finding of frivolity of amendment. The Bankruptcy Court did not correctly apply *Kolstad* and thus, its discretion was guided by erroneous legal conclusions and must be reversed. *In re Coastal Plains*, 179 F.3d 197, 205 (5th Cir.1999) ("'[t]he abuse of discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions.'").

## V. Certificate of Compliance

1) This document complies with the word limit of FED. R. BANKR. P. 8015(a)(7)(A) because, excluding the parts of the document exempted by FED. R. BANKR. P. 8015(g): this reply brief is less than 15 pages; and

2)  This document complies with the typeface requirements of FED. R. BANKR. P. 8015(a)(5) and the type-style requirements of FED. R. BANKR. P. 8015(a)(6) because: this document has been prepared in a proportionally spaced typeface Microsoft Word in size 14 font, Times New Roman.

                                                */s/ Louis M. Phillips*
                                                Louis M. Phillips
                                                December 16, 2022